IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FITZHERMAN MORSE | * |
| | * |
| v. | *   Civil No. JFM-09-231 |
| | * |
| JANET NAPOLITANO | * |
| | ***** |

MEMORANDUM

Plaintiff seeks an order from this court requiring the United States Department of Homeland Security and the United States Citizenship and Immigration Services to adjudicate naturalization applications filed by plaintiff. Defendants have filed a motion to dismiss. The motion will be granted.

Plaintiff has filed two applications for naturalization. Immigration and Customs enforcement has initiated removal proceedings against plaintiff. In light of that fact, consideration of plaintiff's applications for naturalization have been stayed pending the outcome of the removal proceedings. *See* 8 U.S.C. §1429.

Respondents are clearly correct that the plain language of §1429 prohibits the Attorney General from acting on a naturalization application while removal proceedings are pending. Therefore, this court is precluded from granting the relief plaintiff seeks. Plaintiff's reliance upon this court's decision in the *Matter of Ngwana*, 40 F. Supp. 2d 319 (D. Md. 1999) is misplaced. *Ngwana* may no longer be good law. *See, e.g., Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008). In any event, *Ngwana* is clearly distinguishable from the instant case in that there the plaintiff was not seeking, as is plaintiff here, an order requiring defendants to adjudicate plaintiff's naturalization application. Rather, plaintiff was seeking *de novo* review of a decision that had

already been made to deny his naturalization application.[1]

      A separate order effecting the ruling made in this memorandum is being entered herewith.


DATE:   <u>August 19, 2009</u>                     /s/_____
                                                      J. Frederick Motz
                                                      United States District Judge

---

1 I also note that on the merits plaintiff's naturalization applications are of dubious merit in light of the fact that the record establishes that plaintiff has pled guilty to child abuse (having sexual intercourse with his step daughter when she was twelve years old) and that he did not disclose the conviction to immigration authorities.